**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 1564,**

      **Plaintiff,**

**v.**                                                                 **No.  CV-23-335**

**SMITH'S FOOD AND DRUG CENTERS, INC.,**

      **Defendant.**

## COMPLAINT TO COMPEL COMPLIANCE WITH ARBITRATION PROCEDURE AND TO ENFORCE AGREEMENTS TO SETTLE DISPUTES SUBJECT TO THE ARBITRATION PROCEDURE

NOW COMES Plaintiff, United Food and Commercial Workers Union, Local 1564, by and through its counsel, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice and James Montalbano), and for its Complaint against Defendant, states as follows:

### I.        Introduction

Arbitration of industrial disputes lies at the heart of labor law.  In most Collective Bargaining Agreements, the Union agrees to give up the right to strike the Company, and the Company agrees to have an independent arbitrator resolve disputes.  In this case, the parties have at least six outstanding disputes emanating from the relevant collective bargaining agreement (CBA).  Under bedrock principles of labor law going back more than half a century, all of those questions regarding the meaning of the collective bargaining agreement are to be determined by an arbitrator.

This Complaint asks this Court to compel the parties to utilize the process to which both agreed in order to resolve that dispute—arbitration.  Not only is this what the parties agreed to, but it is compelled by federal law.

## II.      Statement of Facts

1.       This action arises under, and jurisdiction is conferred on the Court by virtue of, Section 301 of the Labor-Management Relations Act of 1947 (29 USC § 185), referred to as the LMRA. Moreover, this action involves an actual controversy between the parties, and the Court is therefore vested by the provisions of the Declaratory Judgment Act of June 25, 1948, c. 646, 62 Stat. 964, as amended (28 USC §§ 2201, 2202), with power to render declaratory judgment, and grant the other relief requested.

2.       Plaintiff, United Food and Commercial Workers Union, Local 1564 ("the Union"), is the exclusive bargaining representative with respect to wages, hours, and other conditions of employment for employees of Defendant at several of its retail facilities in New Mexico.  As such, the Union is a labor organization representing employees in an industry affecting commerce, as defined in Sections 501(1) and (3) and 2(5) of the LMRA (29 USC §§ 142(1) and (3) and 152(5)), and within the meaning of Section 301 of the LMRA (29 USC § 185).

3.       The Union maintains its principal offices in Albuquerque, New Mexico, and its authorized officers or agents are engaged in representing or acting for employee members throughout New Mexico within the territorial jurisdiction of the Court.

4.       Defendant Smith's Food & Drug Centers, Inc. ("the Employer"), is a corporation organized and existing under the laws of the State of Ohio.  For all times pertinent hereto, defendant has been authorized to do business and is doing business in the State of New Mexico, within the territorial jurisdiction of the court.  Defendant is an employer in an industry affecting commerce, as defined in Sections 501(1) and (3) 2(2) of the LMRA (29 USC §§ 142(1) and (3) and 152(2)), and within the meaning of Section 301 of the LMRA (29 USC § 185).

5.      The Parties have entered into a series of collective bargaining agreements, which have from time-to-time been extended, with certain modifications, and which are currently in full force and effect.   The Parties' current collective bargaining agreements ("the Agreements") covering Retail employees (4 agreements) and Meat employees (2 agreements) at issue are attached hereto as Exhibits A through D and made a part of this complaint.

6.      Exhibits A and B cover Retail employees for certain stores/areas at issue, and all have arbitration clauses and relevant articles that are identical to each other or virtually identical. As appears from each relevant exhibit, Section 15 provides a procedure for binding arbitration in the event agreement cannot be reached on a disputed issue between the parties.  The Union further alleges violation of the Retail Agreements under articles and language that are identical to each other or virtually identical across the four Agreements.  The four Retail Agreements were all bargained together and subsequently interpreted in the same manner in all regards in the past.

7.      Exhibits C and D cover Meat employees for certain stores/areas at issue, and all have arbitration clauses and relevant articles that are identical to each other or virtually identical. As appears from each relevant exhibit, Section 15 provides a procedure for binding arbitration in the event agreement cannot be reached on a disputed issue between the parties.  The Union further alleges violation of the Meat Agreements under articles and language that are identical to each other or virtually identical across the four Agreements.  The two Meat Agreements were all bargained together and subsequently interpreted in the same manner in all regards in the past.

8.      Disputes have arisen for both Retail and Meat employees under the same terms of the Agreements regarding at least five issues.  Pursuant to the Parties' collective bargaining agreements, those disputes were settled and Defendant agreed to remedies to resolve those matters

3

pursuant to agreement.  Defendant, through its representative, Elbert Cordova, has refused to honor

those agreements, which are enforceable pursuant to the law identified herein.  Those issues are as

follows:

A.  Grievances 20-00104 to 20-00109: Covid back pay settlement.

On December 2, 2021, the Parties reached an agreement for three additional hours

of straight time pay for eligible employees. On several occasions the Union

provided the Employer with a list of eligible members.  The Employer promised to

confirm that all members were paid pursuant to that agreement, but the Employer

has willfully refused to honor that agreement.

B.  Grievances 21-00038 and 21-00042: 4th of July/holiday pay settlement.

The settlement between the parties resolved issues with regard to pay rates for

holiday pay for both Meat and Retail employees throughout New Mexico.  In the

agreement, the Employer committed to make all payments by August 19, 2022.

Despite a complete agreement on all material terms, the Employer has refused to

make payments pursuant to that agreement.

C.  Grievance 22-00017 & 22-00018: Price Rite Meat and Retail settlement.

The Parties reached agreement, pursuant to the collective bargaining agreement, to

pay back pay members by January 12, 2023.  The Employer has refused to honor

the agreement and has not made any payments to its employees, in violation of the

agreement.

D.  Grievance 22-00029: Rick Garcia settlement.

4

The Parties agreed to reinstate Mr. Garcia and provide him with a back pay check

and benefits by April 3, 2023.  The Employer did not meet the agreed upon payment

deadline and to date has provided no information as to when it intends to provide

payment to Mr. Garcia.  As a result of the Employer's refusal to honor that

agreement, Mr. Garcia is currently without health benefits, a right both Parties agree

he is currently entitled to.

E.  Grievance 22-00023: Rest Periods settlement.

The Parties reached an agreement on December 19, 2022, to pay a settlement of

40 hours total for missed rest breaks.  To date, the Employer has not honored the

agreement.

9.      The Employer's failure to comply with the Agreements has denied the Union its

rights under the collective bargaining agreements to allow for resolution of disputes.

### III.     Legal Argument

10.     Plaintiff hereby incorporates, as if set forth in full below, and realleges each and

every statement and allegation contained in the preceding paragraphs.

11.      In 1957, the United States Supreme Court first held that a Union may bring an

action under section 301 of the National Labor Relations Act (29 U.S.C. § 185) for specific

enforcement of an agreement to arbitrate. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448

(1957). The Court held that "the substantive law to apply in suits under Section 301(a) is federal

law, which the courts must fashion from the policy of our National Labor Laws."  *Id*. at 456.

12.     Following that decision, federal law with very few exceptions requires collective

bargaining parties to submit disputes over the interpretation and application of labor agreements

to arbitration.  *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960) (known collectively as the "Steelworkers Trilogy"); *see also Operating Engineers Local 150 v. Flair Builders, Inc.*, 406 U.S. 487 (1972) (noting that the separate and threshold question of whether an agreement to arbitrate exists is for the court to decide).

13.     In the application and enforcement of collective bargaining agreements, the Supreme Court has described the grievance-arbitration procedure as being:

> at the very heart of the system of industrial self-government. Arbitration is the means of solving the unforeseeable by molding a system of private law for all the problems which may arise and to provide for their solution in a way which will generally accord with the variant needs and desires of parties. The processing of disputes through the grievance machinery is actually a vehicle by which meaning and content is given to the collective bargaining agreement. …  The grievance procedure is, in other words, a part of the continuous collective bargaining process.

*Warrior & Gulf Navigation Co.*, 363 U.S. at 581.  For that reason, arbitration of a labor dispute will only be denied if it can be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. at 582-83.  "Doubts should be resolved in favor of coverage." *Id*.

### PLAINTIFF'S FIRST ALTERNATIVE CAUSE OF ACTION: TO COMPEL COMPLIANCE WITH THE CONTRACT

14.     Plaintiff hereby incorporates, as if set forth in full below, and realleges each and every statement and allegation contained in the preceding paragraphs.

15.     The identified disputes are arbitrable as a matter of right under the provisions of Section 15 of the Agreements, and pursuant to those provisions the Employer is bound to arbitrate the dispute upon request by the Union.  The Union has fully complied with all requirements of the

section prerequisite to the Employer's response, and the Employer is in violation of the provisions of the article in refusing to settle the matters consistent with parties' agreements.

16.     The Employer's failure to abide by the provisions of the Agreements has caused resentment among the employees in the bargaining units, and seriously threatens and jeopardizes the amicable relations formerly existing between the parties.  Moreover, the Employer's conduct thwarts the peaceful and orderly procedures for settlement of disputes contemplated by and provided for in the Agreement.

17.     Plaintiff does not have an adequate remedy at law, because only a judgment declaring that the Defendant is obligated to honor its agreements and specific enforcement of the contractual provisions of the Agreements relative to arbitration will provide the Plaintiff with the relief required under the circumstances.

## PLAINTIFF'S SECOND ALTERNATIVE CAUSE OF ACTION: FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

18.     Plaintiff hereby incorporates, as if set forth in full below, and realleges each and every statement and allegation contained in all previous paragraphs.

19.     As a direct and proximate result of the Defendant's failure to abide by the provisions of the Agreements, employees may have suffered lost wages, overtime pay and benefits, with interest, attributable to the Employer's refusal to honor its agreements.

## IV.     Relief Sought

**WHEREFORE, Plaintiff requests:**

A.  With respect to Plaintiff's First Alternative Cause of Action:

1.     The Court enter a judgment declaring that Defendant is obligated to comply

7

with the Parties' agreements and proceed, without delay, to satisfy the terms of those agreements pursuant to the provisions of Section 15 of the Agreements, and that Defendant has breached its obligation in failing and refusing to do so;

2.      The Court order Defendant to comply with the Agreements regarding the arbitration of the dispute, as required by the provisions of Section 15;

3.      The court award Plaintiff costs and reasonable attorney fees incurred in this action; and

4.      Such other and further relief as may be just and proper in the premises; or

B.  With respect to Plaintiff's Second Alternative Cause of Action (For Declaratory Relief and Damages for Breach of Collective Bargaining Agreement):

1.      The Court enter a judgment declaring that Defendant breached the Agreements by ignoring the provisions of Section 15 and refusing to honor its agreements;

2.      The Court award "make whole" damages against the Defendant for its breaches of the Agreements, calculated and fashioned so as to make whole all bargaining unit employees deprived of wages and benefits, lost as a result of said breach;

3.      The Court award Plaintiff its costs and reasonable attorney fees incurred in this action; and

4.      Such other and further relief as may be just and proper in the premises.

Dated: April 19, 2023

Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

_____/s/ Shane Youtz_____
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, New Mexico 87102
(505) 244-1200 – Telephone

_Counsel for Plaintiff, United Food &_
_Commercial Workers Union, Local 1564_

9