IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 1564,**

      **Plaintiff,**

      vs.                                                    Civ. No. 23cv335 JFR/KK

**SMITH'S FOOD AND DRUG CENTERS, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on Defendant's *Motion to Dismiss Complaint To Compel Compliance With Arbitration Procedure and To Enforce Agreements To Settle Disputes Subject To The Arbitration Procedure* ("Motion to Dismiss"), filed June 5, 2023. Doc. 6. On June 28, 2023, Plaintiff filed a Response. Doc. 11. On July 12, 2023, Defendant filed a Reply. Doc. 12. Having considered the parties' submissions and the relevant law, the Court finds Defendant's Motion is not well taken and is **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 19, 2023, Plaintiff filed a Complaint to Compel Compliance With Arbitration Procedure and To Enforce Agreements To Settle Disputes Subject To The Arbitration Procedure. Doc. 1. Plaintiff brings this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"). In its Complaint, Plaintiff asks this Court to compel the parties to resolve certain disputes according to the terms of the parties' current collective

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case. (Docs. 3, 8, 9.)

bargaining agreements ("CBAs"). *Id.* at 3. Plaintiff explains that disputes have arisen for both retail and meat employees regarding at least five issues. *Id.* Plaintiff asserts that pursuant to Section 15, Grievance and Arbitration, of the parties' CBAs, the disputes were submitted and settled with Defendant agreeing to resolve the matters. *Id.* Plaintiff alleges, however, that Defendant, through its representative Elbert Cordova, has refused to honor the agreements. *Id.* at 4. Plaintiff alleges that Defendant's failure to honor the agreements denies the Union its rights under the CBAs to allow for resolution of disputes. *Id.* at 5. Plaintiff seeks a judgment declaring that Defendant is obligated to honor its agreements and specific enforcement of the CBAs relative to arbitration. *Id.* at 7. Plaintiff also seeks damages for Defendant's alleged breach of the CBAs by refusing to honor its agreements. *Id.*

On June 5, 2023, in lieu of an Answer, Defendant filed the Motion to Dismiss currently before the Court.

## MOTION TO DISMISS

Defendant brings its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). In its Motion to Dismiss Defendant argues that

> the parties have not agreed to arbitrate the settlement of grievances nor have they agreed to any artificially imposed time periods under which settlement processes under the parties' collective bargaining agreement ("CBA") are to be concluded, especially given the extreme medical conditions that impacted the Employer's bargaining representative, Mr. Elbert Cordova (*see* Exhibit A, Declaration of Elbert Cordova).

Doc. 6 at 1.[2] Defendant argues that the gravamen of Plaintiff's Complaint is that Defendant has refused to honor settlement agreements in an effort to prevent bargaining members from

---

[2] Defendant attached to its Motion to Dismiss (1) the Declaration of Elbert Cordova; (2) June 2, 2023, correspondence from Elbert Cordova to Mr. Deeny providing status of grievances; (3) May 31, 2023, e-mail correspondence from Analisa Davis to Elbert Cordova regarding certain grievance closures; (4) May 15, 2023, correspondence from UFCW to Elbert Cordova regarding a grievance closure; (5) May 2, 2023, e-mail correspondence regarding settlement payment of Ricky Garcia; and (6) April 19, 2023, Charge Against Employer filed with NLRB. Docs. 6-1 and 6-2.

exercising their rights under the National Labor Relations Act ( the "Act"), and that on the same day Plaintiff filed its Complaint here, it filed a "Charge Against Employer" with the National Labor Relations Board ("NLRB") over the exact same allegations. *Id.* at 2. Defendant argues, therefore, that Plaintiff's resolution of Defendant's failure to honor the settlement agreements in an effort to prevent bargaining unit members from exercising their rights under the Act falls explicitly within the exclusive and primary jurisdiction of the NLRB. *Id.* Defendant argues that Plaintiff cannot supplant the jurisdiction of the NLRB by attempting to cast statutory claims as violations of the CBA. *Id.* To that end Defendant argues that Plaintiff's Complaint does not present a case or controversy within the jurisdiction of the Court under the provisions of Section 301 of the LMRA or the Declaratory Judgment Act because the Complaint fails to state a bona fide contractual dispute in violation of the CBAs. *Id.* at 3.

In its Response, Plaintiff asserts that Defendant seeks to dismiss its claim through a motion for summary judgment masked as a motion to dismiss. Doc. 11 at 1. Plaintiff asserts that the documents Defendant attached to its Motion to Dismiss highlight that Defendant has failed to comply with its obligations and still cannot show that it has complied with the terms of the settlement agreements the parties reached as to the five grievances at issue. *Id.* Plaintiff asserts that Defendant essentially argues that there can be no time frame imposed on its obligations to comply with the parties' relevant CBAs. *Id.* Plaintiff asserts that because Defendant has failed to resolve the matters in question, there is nothing in Defendant's Motion to Dismiss that precludes the Court from issuing a declaratory ruling that orders Defendant to comply with these and future obligations under the parties' CBAs. *Id.* at 2. Plaintiff further

asserts that the Complaint asks this Court to compel the parties to utilize the process to which they both agreed in order to resolve disputes, *i.e.,* arbitration. *Id.*

In its Reply, Defendant contends that Plaintiff's response never articulates a bona fide contract violation necessary to support Section 301 jurisdiction. Doc. 12 at 2. Defendant contends that the grievances at issue here have been settled and that what Plaintiff seeks is "specific enforcement" of those settlements. *Id.* Defendant further contends that the parties have not agreed to arbitrate disputes over settlement of grievances or to any particular time limits on the implementation of agreed upon resolutions. *Id.* Absent such an agreement, Defendant contends Plaintiff cannot, and has not, alleged a contract violation giving rise to subject matter jurisdiction under Section 301. *Id.*

Defendant also contends that Plaintiff failed to address its assertion that the NLRB has exclusive and primary jurisdiction over the disputes alleged in Plaintiff's Complaint. Doc. 12 at 3-5. Defendant contends that in the absence of a contract violation and given Plaintiff's assertion of unfair labor practices, the Court is deprived of concurrent jurisdiction with the NLRB and that Plaintiff's claims fall within the NLRB's exclusive jurisdiction. *Id.*

## ANALYSIS

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his claims. *See Steel Co. v. Citizens for a Better Env't*, 118 S. Ct.

1003, 1017 (1998).  Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).

An attack against a complaint under Rule 12(b)(1) may either challenge (1) the complaint's facial allegations concerning the existence of subject matter jurisdiction, *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013), or (2) the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based, *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (distinguishing "facial" attacks and "factual" attacks); *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).  In a facial challenge, the district court limits its review to the sufficiency of the complaint, and it accepts the allegations in the complaint as true.  *Id*.; *Peterson*, 707 F.3d at 1205-06.  In a factual attack, a court has wide discretion to review "affidavits, other documents, and a limited evidence hearing to resolve disputed jurisdictional facts."  *Id*. at 1002-03; *see also Sanchez v. Ward*, No. 13-00246 RB/RHS, 2013 WL 12328914, at *2 (D.N.M. Oct. 29, 2013) (assuming defendant intends a facial attack where they included no affidavits or documentation for the court to consider); *Continental Carbon Co.*, 428 F.3d at 1292 (recognizing discretion to allow documentary and testimonial evidence under 12(b)(1)).

Under Rule 12(d), a court has broad discretion to refuse to accept extra-pleading materials and to resolve a motion to dismiss solely on the basis of the pleading itself.  *See Lowe v. Town of Fairland, Okl.,* 143 F.3d 1378, 1381 (10th Cir.1998).  Reversible error may occur if a court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.  *Id.*  No conversion is required, however, when the court considers information that is subject to proper judicial notice or exhibits attached to the

complaint, unless their authenticity is questioned. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir.2012); *see also Rose v. Utah State Bar,* 471 F. App'x 818, 820 (10th Cir. Mar. 23, 2012) (unpublished opinion) (no conversion required where court takes judicial notice of its own files and records and facts that are matter of public record). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993).

Exercising its discretion here, the Court will not convert Defendant's Motion to Dismiss into one for summary judgment. The extra-pleading materials submitted by Defendant are not necessary to resolve the instant dispute. Instead, the Court limits its review to the sufficiency of the pleadings. Having done so, the Court finds that Defendant's argument regarding subject matter jurisdiction necessary fails because, for the reasons discussed below, the Court finds that Plaintiff's Complaint states a claim upon which relief can be granted and that Section 301 of the LMRA confers federal jurisdiction over Plaintiff's claim.[3]

---

[3] Defendant relies on *Newspaper Guild of Salem v. Ottaway Newspapers, Inc.*, 79 F.3d 1273, 1283 (1st Cir. 1996), to argue that the NLRB has primary and exclusive jurisdiction over Plaintiff's claims. Doc. 12 at 3-5. However, *Newspaper Guild of Salem* is both distinguishable and enforces the Court's finding. In *Newspaper Guild of Salem*, the issues were whether the employer bargained in bad faith, unlawfully reached an impasse in successor agreement negotiations, and unlawfully undermined plaintiff's representational status. *Id.* at 1283-85. The court determined that there was no bona fide contractual dispute at issue and that these issues fell squarely within the NLRB's primary jurisdiction and that any unfair labor practice charges brought once negotiations concluded would fall within NLRB's jurisdiction. *Id.* The First Circuit agreed in its analysis, however, that "where a party's conduct gives rise to both a charge of an unfair labor practice and a claimed breach of a collective bargaining agreement the NLRB and the district court share 'concurrent jurisdiction[.]'" 79 F.3d at 1283 (citing *Local Union No. 884 v. Bridgestone/Firestone, Inc.*, 58 F.3d 1247, 1256 (8th Cir. 1995) (quoting *Local Union 204 of the Int'l Bhd. of Elc. Workers v. Iowa Elec. Light and Power Co.*, 668 F.2d 413, 416 (8th Cir. 1982)). Here, the Court has determined that Plaintiff's Complaint states a bona fide claim pursuant to Section 301(a) of the LMRA. As such, jurisdiction here is not precluded. *Id.* ("It is also a 'well-entrenched general rule' . . . that 'the fact that a particular activity may constitute an unfair labor practice under section 8 of the LMRA, 29 U.S.C. § 158, does not necessarily preclude jurisdiction under section 301 of the [LMRA] if that activity also constitutes a breach of the collective bargaining agreement.'") (quoting *Local Union No. 884*, 58 F.3d at 1256)).

B.     **Plaintiff's Complaint States a Claim Upon Which Relief Can Be Granted**

Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Section 301(a) confers federal jurisdiction over suits for violations of contracts between labor organizations representing employees in an industry affecting commerce. *Id.* Section 301(a) also confers federal jurisdiction over suits to enforce settlement agreements. The Tenth Circuit broadly explains that

> *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; *Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483; Local 174, *Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593, and *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462, all recognize § 301(a) jurisdiction as applying to suits arising out of collective bargaining contracts. *Retail Clerks International Association v. Lion Dry Goods, Inc.*, 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503, upheld § 301(a) jurisdiction over a suit by a local union to enforce a strike settlement agreement. Both *Retail Clerks*, 369 U.S. at 28, 82 S.Ct. 541, and *Lincoln Mills*, 353 U.S. at 455, 77 S.Ct. 912, say that federal policy established by § 301(a) is to promote industrial peace by permitting enforcement in federal courts of contracts made by labor organizations. To the same effect is *Smith v. Evening News Association*, 371 U.S. 195, 200, 83 S.Ct. 267, 9 L.Ed.2d 246, which also rejects the contention that the word 'between' as used in § 301(a) refers to 'suits' rather than 'contracts,' and held that § 301(a) permits a suit by a union member to enforce a collective bargaining contract.

*Smith v. United Mine Workers of Am.,* 493 F.2d 1241, 1243 (10th Cir. 1974). Section 301 vests concurrent jurisdiction in state and federal courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." *United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, Loc. No. 57 v. Bechtel Power Corp.,* 834 F.2d 884, 887 (10th Cir. 1987) (citing 29 U.S.C. § 185(a); *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d

7

483 (1962)).  The federal district courts have jurisdiction over such suits even if the contractual violation is also an unfair labor practice within the NLRB's jurisdiction. *Id. (*citing *Farmer v. United Broth. of Carpenters and Joiners of America, Local 25,* 430 U.S. 290, 297 n. 8, 97 S.Ct. 1056, 1062 n. 8, 51 L.Ed.2d 338 (1977)).

Plaintiff's Complaint alleges, and Defendant does not dispute, that the parties are bound by certain CBAs.  The various CBAs between Defendant and Plaintiff provide for a three-step grievance and arbitration process as follows:

Section 15.  Grievance and Arbitration

15.1 – The Union or any employee in the Bargaining Unit who has any dispute or disagreement of any kind or character arising out of or in any way involving the interpretation of application of this Agreement, shall submit such dispute or disagreement for resolution under the procedures and in the manner set forth in this Section.

15.2 – The dispute or disagreement shall be submitted to the following:

(a)     Step 1.  The Union or the employee, as the case may be, shall discuss the dispute or disagreement promptly, but not more than fifteen (15) days after the occurrence of the event giving rise to the dispute or disagreement with the Store Director at the Store.  This Step shall include a full discussion of the issue of the grievance and both parties shall make every reasonable effort to resolve the grievance at this step.  Any settlement reached at this step shall not establish any precedent and shall be without prejudice.  An employee having a dispute or disagreement shall be entitled to be accompanied by a Representative of the Union in Step 1 of this Section 15.2.

(b)     Step 2.  If the dispute or disagreement is not settled in a manner satisfactory to the Union and the Employer, [t]he Union shall reduce the Grievance to writing and deliver it or mail it to the Employee Relations Representative of the Employer, no more than ten (10) days from the meeting at Step 1.

The written grievance shall include a statement of the grievance, date of occurrence, parties involved, and (if possible) the provisions of the Agreement alleged to have been violated.  The Employer Representative shall have fourteen (14) working days upon receipt of the written grievance to answer said grievance.

      (c)      Step 3.  If the dispute is not settled to the satisfaction of the Union, or the Employer representative does not respond within the fourteen (14) day limit, the Union may request arbitration.

            (i)      Request for Arbitration.  In order to request arbitration, the Union must submit a request in writing to the Employer Representative.  That request must be post-marked no more than 30 calendar days after the Union receives the Employer's denial of the grievance of the expiration of the fourteen (14) day limit.

. . .

Doc. 1-1 at 29-31, Doc. 1-2 at 25-28, Doc. 1-3 at 27-30, Doc. 1-4 at 27-29.

      Plaintiff has represented, and Defendant does not dispute, that the grievances at issue in Plaintiff's Complaint were submitted pursuant to the foregoing provisions and that the parties reached agreements on various dates with respect to those grievances.  Plaintiff also has represented, and Defendant does not dispute, that the agreements as to those grievances were reached prior to advancing to step three of the grievance process, which provides for arbitration.  In other words, the agreements were reached short of formal arbitration.

      Notably, Plaintiff's Complaint does not present claims disputing the terms of the settlement agreements, or that Defendant has breached any terms of the settlement agreements to the extent they have or expect to be implemented.  Nor does Plaintiff's Complaint represent that the settlement agreements themselves contain their own arbitration provision in the event grievances arise therefrom.  In turn, Defendant's Motion to Dismiss does not argue that the settlement agreements were not final or nonbinding.  In sum, the parties agree that the primary issue here is that Defendant has failed to honor the terms of their reached agreements.

      The central question, therefore, is whether Plaintiff can bring an action against Defendant pursuant to Section 301 of the LMRA to enforce the grievance procedure settlement agreements such that Plaintiff's Complaint states a claim upon which relief can be granted.  The Court finds affirmatively as to both.

"[A]n employee can only sue if he or she has exhausted any exclusive grievance procedures provided in the collective bargaining agreement." *United Food and Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.*, 889 F.2d 940, 944 (10th Cir. 1989). Plaintiff has done so here. Plaintiff utilized and exhausted the grievance and arbitration procedure when it submitted the grievances at issue and the parties reached agreements as to those grievances pursuant to Section 15 of the CBAs. It is undisputed that the parties reached agreements as to Plaintiff's grievances without requesting formal arbitration. Further, the plain language of Section 15 provides that arbitration is available only when a dispute or disagreement is *not settled* in a manner satisfactory to the Union and the Employer at either Steps 1 or 2. That is not the case here. Consequently, arbitration as to the settled grievances was not available to Plaintiff. As such, the settlement agreements reached pursuant to the formal grievance procedure demonstrate exhaustion of the grievance procedure. "Parties who reach a settlement pursuant to a formal grievance procedure have not bargained for an arbitrator's construction of the collective bargaining agreement: they have bargained for their own construction." *Bakers Union Factory No. 326 v. ITT Continental Baking Co., Inc.*, 749 F.2d 350, 354 (6th Cir. 1984) (holding that settlement agreements reached short of formal arbitration are entitled to enforcement in federal courts if agreement is final and binding on the parties).

Moreover, Plaintiff has a right to enforce binding settlements reached at an intermediate step in the grievance process even absent successive, contractual attempts at enforcement. *Bonser v. Safeway, Inc.*, 809 F. Supp. 799, 802-03 (D. Colo. Dec. 18, 1992) (citations omitted). Thus, "[s]ettlement agreements are treated as arbitration awards for enforcement purposes" under the LMRA. *Id.* (quoting *United Mine Workers, Dist. 4 v. Cyprus Emerald Resources Corp.*, 681 F. Supp. 271, 278-79 (W.D. Pa. 1988)); *see also Bonser v. Safeway, Inc.*, No. CIV. A. 92-A-148,

10

1992 WL 78066, at *1–3 (D. Colo. Apr. 16, 1992) (finding that since an employee can sue in district court under Section 301(a) to enforce the results of binding arbitration,[4] an employee should also be able to sue to enforce the resolution of a dispute arrived at earlier in the grievance process) (citing *Santos v. District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of America,* 619 F.2d 963, 967 (2nd Cir.1980); *International Union. United Automobile, Aerospace and Agricultural Implement Workers of America v. Rockwell International Corp.,* 670 F.Supp. 917, 919 (N.D. Okla.1987))).

In sum, because Plaintiff has exhausted the grievance procedures provided in the CBAs, the Court finds it is entitled to sue to enforce the settlement agreements pursuant to Section 301 of the LMRA. If the Court were to rule otherwise, there is nothing to prevent Defendant from again resolving grievances with Plaintiff prior to arbitration, and then again failing to comply with the agreed upon resolution. The Court finds, therefore, that Plaintiff has alleged facts sufficient to support a claim upon which relief can be granted pursuant to Section 301.

## CONCLUSION

For all of the foregoing reasons, the Court finds that Defendant's Motion to Dismiss is not well taken and it is **DENIED**.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[4] "Indeed, the law is settled that actions to enforce arbitration awards rendered pursuant to a CBA arise under section 301[.]" *Garcia v. Wackenhut Servs., Inc.,* No. CV 07-823 JCH/KBM, 2008 WL 11414604, at *2 (D.N.M. Apr. 7, 2008) (citations omitted).